UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

WESLEY KEVIN BEAHM,
        *Defendant-Appellant.*

No. 01-4353

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-00-10)

Submitted: October 24, 2001

Decided: November 19, 2001

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

## COUNSEL

Michael T. Hemenway, Charlottesville, Virginia, for Appellant. Ruth E. Plagenhoef, United States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Wesley Kevin Beahm pled guilty to interstate domestic violence resulting in death, 18 U.S.C.A. § 2261(a)(1), (b)(1) (West 2000 & Supp. 2001), and use of a firearm in a crime of violence resulting in first degree murder, 18 U.S.C.A. § 924(j)(1) (West 2000). He was sentenced to a term of life imprisonment. On appeal, Beahm contends that the district court erred in denying his motion to withdraw his guilty plea. He also challenges the calculation of his guideline range. We affirm in part, and dismiss in part.

A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). The defendant has the burden of demonstrating "a fair and just reason" for withdrawal. Fed. R. Crim. P. 32(e); *Ubakanma*, 215 F.3d at 424. A "fair and just reason" is one that challenges the fairness of the guilty plea colloquy conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). To determine whether a defendant has shown a fair and just reason for withdrawal, a trial court should consider the six factors set out in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). *Ubakanma*, 215 F.3d at 424. The *Moore* factors are: (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance from competent counsel; (5) whether withdrawal will prejudice the government; and (6) whether it will inconvenience the court and waste judicial resources. Although all the factors in *Moore* must be given appropriate weight, the key to determining whether a motion to withdraw a guilty plea should be granted is whether the Rule 11 hearing was properly conducted. *Puckett*, 61 F.3d at 1099. This court closely scrutinizes the Rule 11 colloquy. An adequate Rule 11 proceeding creates a strong presumption that the guilty plea is binding. Having reviewed the record of the two hearings conducted in the district court on Beahm's two motions to withdraw his guilty plea, we find no abuse of discretion in the district court's denial of Beahm's motion.

Beahm's plea agreement provided that Beahm waived his right to appeal his sentence unless the court departed upward from the guideline range. At the guilty plea hearing, the district court questioned Beahm about the waiver provision, and Beahm stated that he was willing to waive his right to appeal his sentence. Beahm does not address the waiver provision in his plea agreement, but argues that both contested adjustments were erroneous because he had no knowledge that anyone would harm the victims.

A defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Our review of the plea agreement and the record of the plea colloquy reveal that the waiver was knowing and voluntary. Moreover, the sentence did not exceed the statutory maximum penalty and there is no evidence that it was based on a constitutionally impermissible factor. *Marin*, 961 F.2d at 496. We therefore lack jurisdiction over this portion of the appeal.

Accordingly, we affirm Beahm's conviction but dismiss that portion of the appeal which seeks to challenge the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*